Kelly A. Evans
Nevada Bar No. 7691
SNELL & WILMER L.L.P.
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89109
Telephone (702) 784-5200
Facsimile (702) 784-5400

David H. Kramer
William O'Callaghan
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone (650) 493-9300
Facsimile (650) 493-6811

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BLAKE A. FIELD,<br><br>  Plaintiff,<br><br>vs.<br><br>GOOGLE, INC.,<br><br>  Defendant. | No. CV-S-04-0413-RCJ-LRL<br><br>**GOOGLE INC.'S ANSWER TO FIRST AMENDED COMPLAINT WITH COUNTERCLAIMS**<br><br>**JURY DEMAND** |

## ANSWER TO COMPLAINT

### Jurisdiction and Venue

Google Inc. ("Google") hereby responds to the First Amended Complaint of Blake A. Field as follows:

1. Paragraph 1 states a legal conclusion to which no response is required.

2. Paragraph 2 states a legal conclusion to which no response is required.

3. Google admits that it is subject to personal jurisdiction for this particular matter in this judicial district, but otherwise denies the allegations in Paragraph 3.

4. Paragraph 4 states a legal conclusion to which no response is required.

7

## Parties

5. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies the allegations therein.

6. Google admits that it is a for-profit corporation and that it maintains a place of business in Mountain View, California, but otherwise denies the allegations in Paragraph 6.

## Plaintiff's Copyrighted Works

7. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies the allegations therein.

## Defendant's Access To The Copyrighted Work

8. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies the allegations therein.

9. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies the allegations therein.

10. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies the allegations therein.

## The Google Cache

11. Google admits that it maintains a system cache as part of its search engine hosted at www.google.com but otherwise denies the allegations in Paragraph 11.

12. Google admits that it maintains a system cache of web page content on its servers but otherwise denies the allegations in Paragraph 12.

13. Google admits that in response to a search query entered by a user at www.google.com, Google displays links to certain web pages that it believes bear a correlation to the user's search query and may, under certain circumstances, include links to web pages from its system cache, but otherwise denies the allegations in Paragraph 13.

14. Google admits that Internet users may, under certain circumstances, view certain web pages stored in its system cache, but otherwise denies the allegations in Paragraph 14.

15. Google admits that Paragraph 15 includes a partial quote of the language included with pages that users may access from its system cache, but otherwise denies the allegations in Paragraph 15.

16. In response to the allegations in Paragraph 16, Google avers that it has the authorization necessary, if any, to operate its system cache, but otherwise denies the allegations in Paragraph 16.

17. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies the allegations therein.

18. Google admits that its system cache contains millions of web pages and that users access the pages from the system cache on a daily basis, but otherwise denies the allegations in Paragraph 18.

19. Google admits that its system cache is populated, in part, via an automatic process designed by Google engineers, but otherwise denies the allegations in Paragraph 19.

20. Google admits that its system cache process does not treat a web page containing a copyright notice differently from a web page that does not contain a copyright notice, but otherwise denies the allegations in Paragraph 20.

21. Google admits that under certain circumstances users of its system cache may be able to view pages from web sites that are no longer accessible through the web site's original server, but otherwise denies the allegations in Paragraph 21.

22. Google admits that under certain circumstances users of its system cache may be able to view pages from web sites that are no longer accessible through the web site's original server, regardless of the reason for inaccessibility, but otherwise denies that allegations in Paragraph 22.

23. Google admits that users of its system cache may be able to view a version of certain web pages stored in the cache, but otherwise denies the allegations in Paragraph 23.

24. Google admits that users of its system cache do not have to register with Google to view a version of certain web pages stored in its system cache, but otherwise denies the allegations in Paragraph 24.

25. Google denies the allegations in Paragraph 25.

### Defendant's Acts Of Infringement

26. Google denies the allegations in Paragraph 26.

27. Google denies the allegations in Paragraph 27.

28. Google denies the allegations in Paragraph 28.

29. Google admits that at least one of the Writings within its system cache has been accessed by an Internet user or users. Google otherwise denies the allegations in Paragraph 29.

30. Google denies the allegations in Paragraph 30.

31. Google denies the allegations in Paragraph 31.

32. Google denies the allegations in Paragraph 32.

33. Google denies the allegations in Paragraph 33.

34. Google denies the allegations in Paragraph 34.

35. Google denies the allegations in Paragraph 35.

36. Google denies the allegations in Paragraph 36.

37. Google denies the allegations in Paragraph 37.

38. Google denies the allegations in Paragraph 38.

39. Google denies the allegations in Paragraph 39.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

40. The First Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

41. Plaintiff's claims are barred by the statutory immunity for system caching granted to service providers under 17 U.S.C. § 512(b).

### Third Affirmative Defense

42. Plaintiff's claims are barred by the defense of fair use.

### Fourth Affirmative Defense

43. Plaintiff's claims are barred by virtue of Plaintiff's implied license to Google.

### Fifth Affirmative Defense

44. Plaintiff's claims are barred by estoppel.

### Sixth Affirmative Defense

45. Plaintiff's claims are barred by acquiescence.

### Seventh Affirmative Defense

46. Plaintiff's claims are barred by waiver.

### Eighth Affirmative Defense

47. Plaintiff's claims are barred because of his contributory fault.

### Ninth Affirmative Defense

48. Plaintiff's claims are barred by his unclean hands.

### Tenth Affirmative Defense

49. To the extent that Plaintiff suffered any damage or injury, which Google expressly denies, he failed to take the necessary steps to mitigate the damage or injury sustained.

### COUNTERCLAIMS

Defendant Google, through its attorneys, hereby counterclaims as follows against Blake A. Field ("Field"):

### Jurisdiction and Venue

1. Based upon the allegations in Paragraph 5 of the First Amended Complaint, Google alleges that Field is an individual domiciled in Las Vegas, Nevada.

2. Counterclaimant Google is a Delaware corporation with its primary place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

3. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201(a).

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391.

. . .

. . .

## General Allegations

5. Field exerted very little effort in the creation of the 51 Writings (the "Writings") cited in Paragraph 7 of the First Amended Complaint (e.g., "Filthy Comforter", "Antiperspirant", "Dogbait").

6. Field makes the Writings available, for free, to any Internet user who visits his web site at http://www.blakeswritings.com.

7. Field imposes no restrictions on who can access his web site at http://www.blakeswritings.com.

8. Field does not impose and has not imposed restrictions on how often individuals can access his web site at http://www.blakeswritings.com.

9. Field has made no money from the sale, licensing or other disposition of the Writings.

10. At the time he posted the Writings on his web site at http://www.blakeswritings.com, Field was aware of the Google search engine and its method of operation.

11. At the time he posted the Writings on his web site at http://www.blakeswritings.com, Field was aware of the Google system cache and its method of operation at the time he posted the Writings.

12. At the time he posted the Writings on his web site at http://www.blakeswritings.com, Field desired that the Google search engine index his web site at http://www.blakeswritings.com so that the Writings would appear in Google search results.

13. At the time he posted the Writings on his web site at http://www.blakeswritings.com, Field desired that the Writings from his web site at http://www.blakeswritings.com be included in the Google system cache.

14. Field took affirmative steps to ensure that the Google search engine would include his web site at http://www.blakeswritings.com in Google's search results.

15. Field attempted to purchase online advertising for his web site at http://www.blakeswritings.com.

16. Field attempted to purchase online advertising for his web site at http://www.blakeswritings.com to increase the chance that Google's search engine would locate his web site, and include its contents in Google's system cache.

17. Field took affirmative steps to ensure that the Writings from his web site at http://www.blakeswritings.com would be included in the Google system cache.

18. At the time he posted the Writings on his web site, Field was aware of the simple method described at http://www.google.com/remove.html#exclude_website to prevent a web site from being indexed by the Google search engine.

19. At the time he posted the Writings on his web site, Field intentionally chose not to use the method described at http://www.google.com/remove.html#exclude_website to prevent his web site from being indexed by the Google search engine. Instead, Field chose to have it indexed for the purpose of enabling him to test the propriety of Google's system cache.

20. At the time he posted the Writings on his web site, Field was aware of the simple method provided at http://www.google.com/remove.html#uncache to have content removed from the Google system cache.

21. Since posting the Writings on his web site, Field intentionally chose not to use the method described at http://www.google.com/remove.html#uncache to have content removed from the Google system cache. Instead, Field permitted it to remain in the cache for the purpose of enabling him to test the propriety of Google's system cache.

22. Google removed the Writings from the Google system cache prior to receiving service of the Complaint.

23. Field was aware that the Writings were removed from the Google system cache prior to the service of the Complaint.

24. The Writings cited in Paragraph 7 of the First Amended Complaint were posted on Field's web site at http://www.blakeswritings.com at least in part for the purpose of testing the propriety of Google's system cache.

25. Field registered copyrights for the Writings at least in part for the purpose of testing the propriety of Google's system cache.

### First Claim for Relief
### (Declaratory Judgment- Fair Use)

26. Google incorporates by reference Paragraphs 1 through 25 of the Counterclaims as though fully set forth herein.

27. There is an actual and justiciable controversy between the parties about liability for copyright infringement based on the operation of the Google system cache.

28. Google was neither trying to use its system cache to promote its search engine nor trying to profit by selling the Writings.

29. The Google search engine and associated system cache functions as a tool to help index and improve access to web sites on the Internet.

30. The Writings were published via Field's web site at http://www.blakeswritings.com prior to their indexing by the Google search engine or their inclusion in the Google system cache.

31. The inclusion of the Writings in the Google system cache has not caused Field any loss in revenues from the sale, license, or other monetization of the Writings.

32. The inclusion of the Writings in the Google system cache did not have an adverse impact upon the potential market for or value of the Writings.

33. Google is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the standard operation of Google's system cache with respect to the Writings is a fair use under copyright law.

### Second Claim for Relief
### (Declaratory Judgment- Implied License)

34. Google incorporates by reference Paragraphs 1 through 33 of the Counterclaims as though fully set forth herein.

35. Field posted the Writings with the intent to have them included in the Google system cache. Field was aware of the simple methods to prevent the Google search engine from indexing his web site or storing content in its system cache. Instead, Field affirmatively chose to

1  allow the Google search engine to index his web site at http://www.blakeswritings.com and
2  include the Writings in the Google system cache.

3      36.    Field's knowing and intentional choice not to prevent the Google search engine
4  from indexing his web site and including his site in the Google system cache constitute the grant
5  of an implied license to Google to include the Writings in its system cache and to permit the
6  normal operation of its cache with respect to those Writings.

7      37.    Google is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that
8  Google has an implied license to include the Writings in its system cache and to permit the
9  normal operation of its cache with respect to those Writings.

### Third Claim for Relief

### (Declaratory Judgment- 17 U.S.C. § 512 Safe Harbors)

12      38.    Google incorporates by reference Paragraphs 1 through 37 of the Counterclaims as
13  though fully set forth herein.

14      39.    Google is a provider of online services and the operator of associated facilities in
15  conjunction with its Internet search engine available at http://www.google.com.

16      40.    Google's copyright policy available at http://www.google.com/dmca.html provides
17  for notice and takedown procedures meeting the requirements of 17 U.S.C. § 512.

18      41.    Google is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the
19  Google system cache qualifies for one or more of the statutory safe harbors provided by 17
20  U.S.C. §§ 512(a)-(d).

21  **WHEREFORE**, Google prays for judgment:

22      a.    Dismissing the Complaint with prejudice;

23      b.    Declaring that the standard operation of Google's system cache with respect to the
24  Writings is a fair use under copyright law;

25      c.    Declaring that Google has an implied license to include the Writings in its system
26  cache and to permit the normal operation of its cache with respect to those Writings;

27      d.    Declaring that Google's system cache qualifies for one or more of the statutory
28  safe harbors afforded by 17 U.S.C. §§ 512(a)-(d);

e. Awarding the costs and disbursements of this action, together with reasonable attorneys' fees; and

f. Granting such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury.

Dated: June 14, 2004

SNELL & WILMER L.L.P.

By: _____
Kelly A. Evans
Nevada Bar No. 7691
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89109

and
David H. Kramer
William O'Callaghan
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050

Attorneys for GOOGLE INC.

## CERTIFICATE OF MAILING

I certify that a true and correct copy of the foregoing **GOOGLE INC.'S ANSWER TO FIRST AMENDED COMPLAINT WITH COUNTERCLAIMS; JURY DEMAND** was served this ___14___ day of June, 2004, by placing same in the United States mail, postage prepaid, addressed to the following:

Blake A. Field
3750 Doris Place
Las Vegas, NV 89120
Pro Se Plaintiff

_____
An employee of Snell & Wilmer, L.L.P.

56775.1