ORIGINAL

1   Kelly A. Evans
    Nevada Bar No. 7691
2   SNELL & WILMER L.L.P.
    3800 Howard Hughes Parkway, Suite 1000
3   Las Vegas, NV 89109
    Telephone (702) 784-5200
4   Facsimile (702) 784-5400

5   David H. Kramer (Admitted Pro Hac Vice)
    William O'Callaghan (Admitted Pro Hac Vice)
6   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
7   650 Page Mill Road
    Palo Alto, CA 94304-1050
8   Telephone (650) 493-9300
    Facsimile (650) 493-6811

9
    Attorneys for Defendant GOOGLE INC.
10

11                    UNITED STATES DISTRICT COURT

12                        DISTRICT OF NEVADA

13   BLAKE A. FIELD,                        No. CV-S-04-0413-RCJ-GWF

14                  Plaintiff,

15   vs.                                    **GOOGLE INC.'S MOTION FOR
                                            SUMMARY JUDGMENT**
16   GOOGLE INC.,

17                  Defendant.

18
     AND RELATED COUNTERCLAIMS
19

20

21

22

23

24

25

26

27

28

2733774_1.DOC

Snell & Wilmer
L.L.P.
LAW OFFICES
3800 HOWARD HUGHES PARKWAY, SUITE 1000
LAS VEGAS, NEVADA 89109
(702) 784-5200

1

2

<div style="text-align:center">

# TABLE OF CONTENTS

</div>

**Page**

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ................................... vi

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.      INTRODUCTION ............................................................................................................ 1

II.     STATEMENT OF UNDISPUTED FACTS ..................................................................... 4

        A.      Google And "Cached" Links. ............................................................................ 4

        B.      The Purposes Served By Google's Cache Functionality. ....................................... 6

        C.      There Are A Host Of Methods That Site Owners Can Use To Tell Search
                Engines Whether To Provide "Cached" Links For Their Web Pages. ................. 10

                1.      Meta-Tags. .......................................................................................... 10

                2.      Robots.txt File. .................................................................................... 12

                3.      Access Controls. ................................................................................. 12

                4.      Automated Removal Procedure. ......................................................... 13

                5.      Contacting Google Directly. ............................................................... 13

        D.      Plaintiff Blake Field And His Copyright Scheme. .............................................. 13

        E.      Field's Copyright Infringement Lawsuit. ............................................................ 16

III.    ARGUMENT .................................................................................................................. 17

        A.      Summary Judgment Standard. ............................................................................. 17

        B.      Field Has Failed To Identify Any Direct Copyright Infringement By
                Google. ................................................................................................................ 18

        C.      Field Granted An Implied License Allowing Users To Obtain And Google
                To Provide Access To Pages Containing His Copyrighted Works Via
                Google's "Cached" Links. ................................................................................... 20

                1.      Under Long-Standard Internet Protocols, Google Had An Implied
                        License To Allow Access To Field's Pages Through "Cached"
                        Links. ................................................................................................... 21

                2.      Field Granted Google An Implied License To Allow Access To
                        "Cached" Links Through His Conduct. ............................................... 23

        D.      Field Is Estopped From Asserting His Copyright Claim Against Google. ........... 25

                1.      Field Knew That Google Displayed "Cached" Links To Pages In Its
                        Search Results, And That Google Would Allow Users To Access
                        Those Pages By Clicking On The Links. ............................................. 25

<div style="text-align:left; font-variant:small-caps;">

Snell & Wilmer
L.L.P.
LAW OFFICES
1800 HOWARD HUGHES PARKWAY, SUITE 1000
LAS VEGAS, NEVADA 89109
(702) 784-5200

</div>

2.    Field Expected And Intended Google To Rely On His Conduct............. 26

3.    Google Did Not Know That Field Objected To Google's Use Of
      "Cached" Links In The Search Results For His Web Site........................ 27

4.    Google Detrimentally Relied On Field's Conduct. .................................. 27

E.    Google's Operation Of Its System Cache Is A Fair Use. ...................................... 28

      1.    Factor One:  Google's Transformative Use Supports A Finding Of
            Fair Use................................................................................................... 31

            a.    The Google System Cache Serves A Different Purpose From
                  That Of Plaintiff's Original Works.............................................. 31

            b.    Google's Status As A Commercial Enterprise Does Not
                  Negate Fair Use. ........................................................................ 33

      2.    Factor Two:  The Nature Of Field's Minimally Creative Works —
            Which Field Made Available For Free To The World And
            Submitted To Google's Search Engine — Supports A Finding Of
            Fair Use................................................................................................... 35

      3.    Factor Three:  Google Used No More Of The Text Of Field's Web
            Pages Than Was Necessary For Google's Transformative Use. .............. 36

      4.    Factor Four:  Google's "Cached" Links Had No Negative Effect On
            The Market For, Or Value Of, Field's Works. .......................................... 37

            a.    Google's "Cached" Links Had No Impact On Field's Works
                  At All. ........................................................................................ 37

            b.    Google's "Cached Links" Have No Impact On Works
                  Generally.................................................................................... 38

      5.    Additional Factor:  Google's Good Faith In Operating Its System
            Cache Weighs In Favor Of Fair Use......................................................... 40

      6.    Fair Use Summary. .................................................................................. 41

IV.   CONCLUSION................................................................................................................ 42

Snell & Wilmer
L.L.P.
LAW OFFICES
3800 HOWARD HUGHES PARKWAY, SUITE 1000
LAS VEGAS, NEVADA 89109
(702)784-5200

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Agee v. Paramount Communications, Inc.*, 59 F.3d 317 (2d Cir. 1995) .......................20

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .........................................17

*Bill Graham Archives LLC v. Dorling Kindersley Ltd.*, 75 U.S.P.Q.2d 1192
  (S.D.N.Y. May 11, 2005)........................................................................41

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994) ............................... *passim*

*Carson v. Dynegy, Inc.*, 344 F.3d 446 (5th Cir. 2003) .....................................18, 25, 26

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................17

*CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544 (4th Cir. 2004)..............................19

*De Forest Radio Telephone Co. v. United States*, 273 U.S. 236 (1927) ........................20

*Diamond v. Am-Law Publ'g Corp.*, 745 F.2d 142 (2d Cir. 1974) ................................35

*Effects Assoc., Inc. v. Cohen*, 908 F.2d 555 (9th Cir. 1990)............................... *passim*

*Fisher v. Dees*, 794 F.2d 432 (9th Cir. 1986) ...........................................18, 28, 40

*Hadady Corp. v. Dean Witter Reynolds, Inc.*, 739 F. Supp. 1392 (C.D. Cal. 1990)...18, 25, 27, 28

*Harper & Row, Publishers v. Nation Enters.*, 471 U.S. 539 (1985) ..............................28

*Hayden v. Chalfant Press, Inc.*, 281 F.2d 543 (9th Cir. 1960) ...............................20, 24

*Herbert v. United States*, 36 Fed. Cl. 299 (1996) ...........................................23, 24

*In re Napster, Inc. Copyright Litig.*, Case No. C 04-2121 MHP, 2005 U.S. Dist.
  LEXIS 11500 (N.D. Cal. June 1, 2005)..........................................................19

*Keane Dealer Servs., Inc. v. Harts*, 968 F. Supp. 944 (S.D.N.Y. 1997) ................... *passim*

*Kelly v. Arriba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003)................................. *passim*

*Leibovitz v. Paramount Pictures Corp.*, 137 F.3d 109 (2d Cir. 1998) .........................28, 31

*Martin v. Cuny*, 887 F. Supp. 1390 (D. Col. 1995) ...........................................26

*Marvel Enters., Inc. v. NCSoft Corp.*, CV 04-9253-RGK (PLAx), (March 9, 2005
  C.D. Cal.)...................................................................................25

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ................17

*Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003)...............18, 35, 36, 38

*Quinn v. City of Detroit*, 23 F. Supp. 2d 741 (E.D. Mich. 1998) ......................... *passim*

Snell & Wilmer
L.L.P.
LAW OFFICES
1800 HOWARD HUGHES PARKWAY, SUITE 1000
LAS VEGAS, NEVADA 89109
(702) 784-5200

*Religious Tech. Ctr. v. Netcom On-Line Communications Servs., Inc.*, 907 F. Supp. 1361 (N.D. Cal. 1995) ...................................................................................19, 38

*Salgado-Diaz v. Ashcroft*, 395 F.3d 1158 (9th Cir. 2005) ..............................................25

*Salinger v. Random House, Inc.*, 811 F.2d 90 (2d Cir. 1987) ........................................35

*Sega Enters. Ltd v. MAPHIA*, 948 F. Supp. 923 (N.D. Cal. 1996) ................................19

Sony Corp. of America v. Universal City Studios, Inc., 464 U.S. 417 (1984)...................3, 36, 37

*T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987)...........................................................................................................17

## STATUTES

17 U.S.C. § 101 (2005)......................................................................................................20

17 U.S.C. § 106 (2005)......................................................................................................24

17 U.S.C. § 106(3) (2005) .................................................................................................20

17 U.S.C. § 107 (2005)...........................................................................................28, 31, 40

17 U.S.C. § 412(2) (2005) .................................................................................................14

17 U.S.C. § 501 (2005)......................................................................................................25

17 U.S.C. § 512 (2005)......................................................................................................18

## RULES

Fed. R. Civ. P. 56(c) .........................................................................................................17

## MISCELLANEOUS

3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 10.03[A] (1989)..............................................................................................................................20

4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.07 (1990) .................25

4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.07 (2002) .................25

Edward A. Cavazos, *Intellectual Property on the WWW: Linking, License and Liability*, 576 PLI/Pat 559 (1999)...................................................................................21

H.R. Rep. No. 105-551, pt. 2, at 58 (1988)....................................................................29

Snell & Wilmer
L.L.P.
LAW OFFICES
3800 HOWARD HUGHES PARKWAY, SUITE 1000
LAS VEGAS, NEVADA 89169
(702) 784-5200

1

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Brougher Decl. | Declaration of Bill Brougher in Support of Google Inc.'s Motion for Summary Judgment, filed concurrently with this motion. |
| Field Depo. | Transcript from the deposition of Blake A. Field, taken on June 9, 2005 (excerpts attached as Ex. 1 to the O'Callaghan Decl.). |
| Levine Decl. | Declaration of Dr. John R. Levine in Support of Google Inc.'s Motion for Summary Judgment, filed concurrently with this motion. |
| Levine Report | Expert Report of Dr. John R. Levine (attached as Ex. 1 to the Levine Decl.). |
| Macgillivray Decl. | Declaration of Alexander Macgillivray in Support of Google Inc.'s Motion for Summary Judgment, filed concurrently with this motion. |
| O'Callaghan Decl. | Declaration of William O'Callaghan in Support of Google Inc.'s Motion for Summary Judgment, filed concurrently with this motion. |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Snell & Wilmer
L.L.P.
LAW OFFICES
1800 HOWARD HUGHES PARKWAY, SUITE 1000
LAS VEGAS, NEVADA 89109
(702)784-5200

## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that as soon as counsel may be heard, before the Honorable Judge Robert C. Jones, defendant Google Inc. ("Google") will and does hereby move this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment that (1) Plaintiff Blake A. Field has failed to prove that Google infringed any of his copyrighted works; (2) Field granted Google an implied license to copy and distribute his copyrighted works; (3) Field is estopped from asserting his copyright infringement claim against Google; and (4) Google's alleged infringement is a non-infringing fair use.

This motion is made pursuant to Federal Rule of Civil Procedure 56.  Google bases this motion upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities, and the accompanying Declarations of Bill Brougher, Dr. John R. Levine. Alexander Macgillivray and William O' Callaghan, filed concurrently with this motion.

Dated: November 2nd, 2005                SNELL & WILMER L.L.P.

By: _____
Kelly A. Evans
Nevada Bar No. 7691
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV  89109

and
David H. Kramer
William O'Callaghan
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA  94304-1050

Attorneys for GOOGLE INC.

97035.1

1

2
## CERTIFICATE OF MAILING

3
    I certify that a true and correct copy of the foregoing **GOOGLE INC.'S MOTION FOR SUMMARY JUDGMENT** was served this ⟶27⟵ day of September, 2005, by placing same in the United States mail, postage prepaid, addressed to the following:

4
    Blake A. Field

5
    9805 Double Rock Drive
    Las Vegas, NV  89134

6
    Telephone (702) 373-1022
    Pro Se Plaintiff

7

8

9
    An employee of Snell & Wilmer, L.L.P.

10

84973.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Snell & Wilmer**
L.L.P.
LAW OFFICES
3800 HOWARD HUGHES PARKWAY, SUITE 1000
LAS VEGAS, NEVADA 89109
(702) 784-5200

1

## CERTIFICATE OF MAILING

2      I certify that a true and correct copy of the foregoing GOOGLE INC.'S MOTION FOR
SUMMARY JUDGMENT was served this__3____ day of November, 2005, by placing same in
3   the United States mail, postage prepaid, addressed to the following:

4      Blake A. Field
       9805 Double Rock Drive
5      Las Vegas, NV  89134
       Telephone (702) 373-1022
6      Pro Se Plaintiff

7

8                                                    _Judith B. Warren_____

9                                                    An employee of Snell & Wilmer, L.L.P.

10

84973.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3800 HOWARD HUGHES PARKWAY, SUITE 1000
LAS VEGAS, NEVADA 89109
(702)784-5200